United States District Court
Southern District of Texas
**ENTERED**
March 22, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CHRISTIAN HERNANDEZ-MARADIAGA § | | |
| Petitioner § | | |
| § | | |
| § | | |
| vs. § | CIVIL ACTION NO. M-15-104 | |
| § | | |
| § | | |
| HIDALGO COUNTY § | | |
| Respondent § | | |

**REPORT & RECOMMENDATION**

After careful review of the record and the applicable law, the undersigned respectfully recommends that Petitioner's action be **DISMISSED** without prejudice for want of prosecution and this case be closed.

**I. BACKGROUND**

In February 2015, Petitioner's case was transferred to the McAllen Division from the Houston Division and referred to the undersigned. Petitioner, proceeding pro se, filed a standardized, form civil rights complaint pursuant to 42 U.S.C. § 1983. In the process of transferring the case to the McAllen Division, the District Court in the Houston Division concluded that the complaint appeared to be an application for habeas relief. (*See* Dkt. Entry No. 3.) The undersigned agrees with that construction because Petitioner asks the Court to vacate his sentence and allow him to withdraw his guilty plea and proceed to trial. The record reflects that, when he filed this case, he was in federal custody pursuant to a criminal judgment from this Court for illegal reentry in criminal case number M-13-1680-1 and serving a sentence of 41 months in the custody of the Bureau of Prisons ("BOP").

Following the referral, the undersigned reviewed Petitioner's application for relief and found it deficient for the following reasons. First, while Petitioner asks the Court to vacate his sentence and allow him to withdraw his guilty plea and proceed to trial, Petitioner fails to identify the specific conviction he is referring to (for example, it is not clear whether Petitioner is referring to a state conviction from Hidalgo County or perhaps the federal conviction in M-13-1680-1). Second, Petitioner does not include any specific grounds for the relief he seeks or facts in support in his application. Accordingly, the undersigned issued a Notice of Deficiency and Order on April 8, 2015, ordering Petitioner to submit, within 30 days, an amended complaint that (1) identifies the precise conviction(s) he is complaining about and (2) sets forth all grounds for relief, with facts in support, that Petitioner believes he has. Petitioner was also warned that failure to comply with the order could result in dismissal of his action for want of prosecution or for failure to comply with a court order.

Petitioner never responded to the Court order. Also, as of the writing of this Report, the BOP website reflects that Petitioner was released from BOP custody on October 11, 2016, and the criminal docket for M-13-1680-1 reflects that this Court did not impose a term of supervised release.[1] Petitioner has not updated his address with the Clerk of the Court since his release from BOP custody.

---

[1] *See, e.g.*, FED. R. EVID. 201 (stating that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Missionary Baptist Found. of Am., Inc. v. Huffman*, 712 F.2d 206, 211 (5th Cir. 1983) ("A court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom."); *Denius v. Dunlap*, 330 F.3d 919, 927 (7th Cir. 2003) (permitting judicial notice of government records readily available in the public domain, such as the internet, because the fact of record keeping is not subject to reasonable dispute and the accuracy could not reasonably be questioned).

## II. DISCUSSION

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action *sua sponte* when a plaintiff fails to prosecute the action or fails to comply with a court order. *See* FED. R. CIV. P. 41(b) (discussing involuntary dismissal of actions); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630–31 (1962)). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link*, 70 U.S. at 629–31.

Petitioner failed to comply with the deficiency order issued by the undersigned on April 8, 2015. Consequently, Petitioner never amended his skeletal pleading. Petitioner was warned in the deficiency order that failure to comply with the order could result in dismissal for failure to prosecute and/or failure to comply with a court order. Petitioner has not communicated with the Courts at all since filing this case in the Houston Division. The combination of Petitioner's failure to respond to the deficiency order and his lack of contact with the Court since filing his original pleading strongly suggests that Petitioner has lost interest in pursuing this instant action and provides an adequate basis for dismissal without prejudice for want of prosecution. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal without prejudice of prisoner's action for want of prosecution where the litigant was given four months to respond to a court order, yet failed to do so, and the court warned the litigant that failure to respond could result in dismissal). Petitioner has not complied with the local rules by updating his address since his release from custody, and considering that it is likely Petitioner has been deported, there is virtually no way of communicating with this litigant because his whereabouts are unknown. *See Berry v.*

*CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (explaining that an involuntary dismissal for want of prosecution should be done cautiously, but indicating that such a dismissal may be appropriate where lesser sanctions would be futile); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (explaining that an involuntary dismissal without prejudice may be appropriate where the litigant has failed to keep the court apprised of his current address because any lesser sanction by the court would be a futile gesture). For these reasons, the undersigned concludes that Petitioner's action should be dismissed without prejudice for want of prosecution.

### III. CONCLUSION

#### *Recommended Disposition*

After careful review of the record and the applicable law, the undersigned respectfully recommends that Petitioner's action be **DISMISSED** without prejudice for want of prosecution and this case be closed.

#### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from de novo review

by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Petitioner by any receipted means.

**DONE** at McALLEN, Texas, this 22nd day of March, 2017.

\_\_\_\_*Dorina Ramos*\_\_\_\_
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE